UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL DE MATTIES,

                              Plaintiff,

                                                                   DECISION AND ORDER

                                                                       06-CV-6610L

                v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.
_____

       Pending before the Court is a motion by plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorneys fees pursuant to 42 U.S.C. §406(b)(1). (Dkt. #14). Pursuant to a contingent fee agreement with plaintiff providing for attorneys fees in the amount of 25% of any award recovered by plaintiff, plaintiff's counsel, William J. McDonald, Jr., seeks fees in the amount of $27, 849.00, 25% of the past due benefits awarded to plaintiff.

       By Consent Order dated and entered November 12, 2008 (Dkt. #13), this Court previously awarded McDonald attorney's fees under the Equal Access to Justice Act (EAJA), 28 USC §2412(d) in the amount of $3,355.13, plus $350.00 costs, for a total of $3,705.13. McDonald acknowledges that if his instant application is granted in its entirety, the EAJA fee of $3,355.13 would be paid to plaintiff, resulting in a net attorney fee of $24,493.87.

In assessing the reasonableness of the proposed fee, the Court considers the deference owed to the plaintiff's fee agreement, the interest in assuring future representation for disability claimants, and whether the requested award would result in a windfall. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002).

The Commissioner opposes the amount of the fee requested, arguing that enforcement of the plaintiff's contingent-fee agreement would amount to a windfall for McDonald, since he spent only 21.15 hours performing services in this case in federal court.

The amount of time expended by counsel is, however, but one of several factors to be considered. As the Court has previously stated:

> Although there is no clear set of criteria for determining when an award would result in a windfall, . . . certain factors which should be considered . . . include (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-457 (W.D.N.Y. 2005). Although McDonald's results were significant in light of the time expended – $116,195.40 in benefits secured for his client in exchange for a little more than twenty (20) hours of effort at the federal level – I find that the amount of the requested fee is reasonable in light of the other relevant factors. *See Silliman v. Barnhart*, 421 F. Supp.2d 625 (W.D.N.Y. 2006); *Joslyn*, 389 F. Supp.2d 454. I have reviewed the time records submitted by McDonald, and observe that the tasks recorded therein concerning the federal case appear to have been performed with particular efficiency. This is likely due, in significant part, to McDonald's extensive experience litigating Social Security

matters, as well as the familiarity with this case gained through the expenditure of more than 17 hours of attorney time at the administrative level. Again, the result of these efforts was a significant monetary award to plaintiff.

Furthermore, the net attorney fee received by McDonald with the granting of the instant application is $24,493.87 (the amount of attorneys fees requested, minus the previous EAJA award), slightly less than the twenty-five percent of past-due benefits to which McDonald is entitled pursuant to his contingency fee agreement with plaintiff. The Commissioner has withheld the requisite amount from plaintiff's past-due benefits, and plaintiff has filed an affidavit consenting to the fee. (Dkt. #14-1, Exh. H).

## CONCLUSION

Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (Dkt. #14) in the amount of $27, 849.00 is granted. The award is to be made payable to Mark M. McDonald, Esq., attorney for plaintiff. McDonald is ordered to refund $3,355.13, the amount of previously-awarded EAJA fees, directly to the plaintiff.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 22, 2010.